Rayminh L. Ngo, SDNY# 4834
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*
CHRISTOPHER SADOWSKI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>  Plaintiff,<br><br>v.<br><br>ADMERASIA, INC.; and DOES 1 through 10 inclusive,<br><br>  Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CHRISTOPHER SADOWSKI ("Sadowski" or "Plaintiff"), for his complaint against Defendant, ADMERASIA, INC., alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for

1

copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.   This court has personal jurisdiction over Defendant because, Defendant conducts business in the State of New York, Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant has caused injury to Plaintiff within the State of New York.

4.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5.   Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski") is a professional photographer by trade residing in the City of Hawthorne in the State of New Jersey.

6.   Defendant Admerasia, Inc. ("Defendant") is a New York corporation with a principal place of business at 159 W. 25th Street, 6th Floor, New York, NY 10001.

7.   On information and belief, Defendant owns and operates the website, http://koreanhln.com/ (the "Website").  On information and belief, Defendant also owns and operates the following websites:  NYChaobao.com, Goyow.com,

SFshibao.com, ChineseHLN.com, and Itzkong.com. *See* http://koreanhln.com/terms-and-conditions/. True and Correct copies of the GoDaddy WHOIS registration information for each of these websites proving Defendant's ownership is attached hereto as Exhibits A through F.

8. On information and belief, Defendant posts content to its Website in order to attract user traffic and drive advertising revenue.

9. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

10. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

11. Plaintiff Christopher Sadowski is a professional photographer by trade. Sadowski has licensed or sold his photographs to dozens of major media outlets such as The New York Post, The Daily Mail, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, USA Today, The Wall Street Journal, Fox News, NBC News, MSNBC, Inside Edition, and TMZ.

12. Sadowski is the sole author and exclusive rights holder to a photograph of the Carnegie Delicatessen Restaurant (the "Image"). A true and correct copy of the original Image is attached hereto as Exhibit G.

13. Sadowski registered the Image with the United States Copyright Office under registration number VA 1-996-112.

14. The Image originally appeared in an article featured by the New York Post ("Post") on October 19, 2013, titled *Carnegie Deli 'mistress' also handled meat as waitress* ("Post Article"). A true and correct copy of the Post Article is attached hereto as Exhibit H.

15. The Post Article included a credit below the bottom left corner attributing the Image to Sadowski. *See* Exhibit H.

16. On or about February 2, 2017, Sadowski discovered that Defendant had used the Image in an article on its Website (the "Infringing Article"),

excluding the photo credit to Plaintiff. True and correct screenshots of the Infringing Article featuring Sadowski's Image are attached hereto as Exhibit I.

17. On information and belief, Defendant made an unauthorized copy of Sadowski's Image taken from the Post Article, and uploaded it to the server for Defendant's Website.

18. Plaintiff never authorized Defendant to use the Image in any manner.

19. On information and belief, Defendant knew that it did not have permission to use the Image on Defendant's Website and willfully infringed Sadowski's Image.

20. On information and belief, Defendant willfully removed Sadowski's photo attribution because Defendant knew it did not have permission to use the Image on Defendant's Website.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

23. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of

Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendant's Website.

24. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

25. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

26. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. On information and belief, Defendant knew that Plaintiff created the Image because, *inter alia*, the source of the Image, i.e. the Post Article, specifically attributed the Image to Plaintiff.

29. Defendant intentionally falsified copyright management information

related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Image or had legitimately licensed it for use in the Infringing Article.

30. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

31. Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

32. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

33. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

34. In the alternative, Plaintiff may elect to recover statutory damages

pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: October 31, 2018                           Respectfully submitted,

                                                             **/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY #4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: October 31, 2018                          Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY# 4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*