USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHRISTOPHER SADOWSKI,

                       Plaintiff,

         - against -

ZAN NG d/b/a http://nychaobao.com/
and http://koreanhln.com/; ADMERASIA,
INC.; and DOES 1 through 10
inclusive,

                     Defendants.

---

**18 Civ. 10113 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

        Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") brings this action against defendants Zan Ng ("Ng") d/b/a http://nychaobao.com/ and http://koreanhln.com/, Admerasia, Inc. ("Admerasia"), and Does 1 through 10, alleging that Defendants reproduced and published without authorization three of Plaintiff's copyrighted photographs, as well as intentionally falsified copyright management information associated with the photographs. (See "Amended Complaint" or "Am. Compl.," Dkt. No. 16.)

        Sadowski has filed a partial motion for summary judgment against Ng[1] and Admerasia (collectively, "Defendants") seeking damages and injunctive relief for their alleged

---

[1] Sadowski's motion seeks to hold Ng liable in his individual capacity. (See "Motion," Dkt. No. 54 at 17-18.)

copyright infringement under Title 17 of the United States Code, Section 100 *et seq* ("Count I"). (<u>See</u> Dkt. No. 53.) Defendants filed a cross-motion for summary judgment against Sadowski on both Count I and the remaining cause of action for intentional falsification of copyright management information pursuant to Title 17 of the United States Code, Section 1202 ("Count II"). (<u>See</u> Dkt. No. 59.) For the reasons set forth below, the Court **DENIES** Sadowski's motion for partial summary judgment and **GRANTS** in part and **DENIES** in part Defendant's motion for summary judgment.

## I.   <u>BACKGROUND</u>

A. <u>FACTS</u>[2]

Sadowski is a professional photographer who works as an independent contractor for the publication *New York Post* (the "Post"). Under his arrangement with the Post, Sadowski charges the Post a discounted flat rate per shift for a one-

---

[2]   The factual recitation set forth below is confined to the undisputed facts in the following documents and any exhibits or declarations submitted therewith: Amended Complaint (Dkt. No. 16); Answer to Amended Complaint (Dkt. No. 20); Plaintiff's Memorandum of Law in Support of the Motion for Summary Judgment (Dkt. No. 54); Plaintiff's Local Rule 56.1 Statement (Dkt. No. 57); Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of the Cross-Motion for Summary Judgment (Dkt. No. 60); Defendants' Local Rule 56.1 Statement (Dkt. No. 63); Defendants' Counter Statement to Plaintiff's Local Rule 56.1 Statement (Dkt. No. 64); Plaintiff's Reply and Opposition to Defendants' Cross-Motion for Summary Judgment (Dkt. No. 65); Plaintiff's Counter Statement to Defendants' Local 56.1 Statement (Dkt. No. 66); and Defendants' Reply and Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 67). Except as quoted, no further citation to these sources will be made.

time non-exclusive editorial license to the photographs taken during the shift.

Ng is the founder, President, and CEO of Admerasia, a marketing firm that generates revenue through commercial advertising on websites. Ng owns, supervises, and controls two website domains: (1) www.koreanhln.com ("KoreanHLN"), a self-described "hybrid news platform" that delivers news articles to Koreans living in New York and Los Angeles, and (2) www.nychaobao.com ("NYChaoBao"), a self-described "lifestyle and entertainment news source" that delivers news to "trendy Chinese individuals with high purchasing power" in the tristate area. Postings may be emailed to administrators of the Websites for publication. Both Websites deliver advertisements. The domain www.koreanhln.com was registered to "Eddie See ADM," an employee of Admerasia, with an email address of webmaster@admerasia.com. The domain www.nychaobao.com was registered to "Webmaster Admerasia" with an email address of webmaster@admerasia.com.

At issue in this action are three photographs taken by Sadowski which appeared on either KoreanHLN or NYCHaoBao without Sadowski's permission. The first image is a photograph of Carnegie Delicatessen ("Deli Image"), registered with the United States Copyright Office ("Copyright Office") on December 13, 2015. The Deli Image was

first published by the Post website on October 19, 2013 in
connection with a news story (the "Deli Story"), crediting
Sadowski for the Image. The Deli Image then appeared in a
Korean language article on KoreanHLN on February 10, 2016.
The KoreanHLN article appears to be a translated version of
the Deli Story. A banner advertisement appeared at the top of
the KoreanHLN article featuring the Deli Image. Upon receipt
of a letter from Sadowski's counsel, the Deli Image was
removed from KoreanHLN.

The second and third images at issue in this action
appeared on NYChaoBao without Sadowski's permission. The
second image is a photograph of police officers on the
platform of the New York City subway, which is an image
Sadowski registered with the Copyright Office on March 31,
2016 ("Subway Image"). Like the Deli Image, the Subway Image
was first published on the Post website with a news story on
March 6, 2016 (the "Subway Story"), crediting Sadowski for
the photograph. The Subway Image appeared on NYChaoBao in a
Chinese language article posted on March 8, 2016, which
appears to be a translated version of the Subway Story.

The third image in this action depicts a car crash
involving a police vehicle ("Crash Image"). The Crash Image
was registered with the Copyright Office on August 26, 2016
and was first published on the Post website on January 8,

4

2015 in connection with a news story (the "Crash Story"), crediting Sadowski for the photograph. The Crash Image then appeared in a Chinese language article posted on January 9, 2015 on NYChaoBao, which appears to be a translated version of the Crash Story. The Subway Image and Crash Image were removed from NYChaoBao in the ordinary course of business.

Upon discovering his Images on KoreanHLN and NYChaoBao, Sadowski brought two causes of action against Defendants: (1) copyright infringement pursuant to Title 17 of the United States Code, Section 101 *et seq*, (the "Copyright Act") and (2) falsification, removal, or alteration of copyright management information pursuant to Title 17 of the United States Code, Section 1202 (the "Digital Millennium Copyright Act" or "DMCA"). Sadowski seeks both damages and injunctive relief for Defendants' alleged infringement.

B. <u>PARTIES' ARGUMENTS</u>

Following discovery, Sadowski filed a motion for partial summary judgment as to Count I. Sadowski contends that summary judgment should be entered in his favor on Count I because the appearance of his copyrighted Images on KoreanHLN and NYChaoBao (collectively, the "Websites") violated his exclusive right to reproduce, distribute, and publicly display the Images, and Defendants are contributorily and vicariously liable for this infringing activity. (<u>See</u> Motion

at 10-12.) Sadowski argues there is no question of fact that Admerasia and Ng should be held liable for copyright infringement since Admerasia is named as the registrant and administrator of the Websites and its employees, including Ng, review content and ultimately decide whether Images appear on the Websites. (See id. at 11.) Further, Ng is the current CEO and owner of Admerasia, and he maintains a personal ownership interest in the Websites. (See id. at 12.) Sadowski contends that the Websites create a financial benefit for Defendants through advertising, including "direct monetization" of articles featuring the Images. (See id.) Sadowski seeks willful statutory damages and attorneys' fees and costs for the Deli Image and Subway Image, since he registered these images with the Copyright Office within the statutory timeframe. (See id. at 12-14.)

Defendants oppose Sadowski's Motion and cross-move for summary judgment on both Counts. (See "Opp'n," Dkt. No. 60.) As to Admerasia, Defendants argue that the company cannot be held liable for copyright infringement or the intentional removal of copyright management information because Admerasia has never had any involvement with the Websites, which are owned solely by Ng. (See id. at 8-9.) Defendants also argue that the claims for contributory infringement and vicarious liability against both Defendants must be dismissed because

6

they are raised for the first time in Plaintiff's Motion, and regardless, Defendants had no control over what appeared on the Websites and the Websites never generated any revenue. (See id. at 10-11.) Similarly, Defendants contend that Sadowski has not established that either Ng or Admerasia intentionally removed copyright management information from the Images to substantiate a violation of the DMCA. (See id. at 12-13, 22-25.)

Defendants raise additional affirmative defenses, including that Sadowski lacks standing to bring an infringement action, Defendants' use of the Images is protected by the fair-use doctrine, and Defendants had an implied license from the Post to use the Images. (See id. at 13-21.) Sadowski moves for summary judgment as to all of Defendants' affirmative defenses. (See Motion at 14-25.)

## II.   LEGAL STANDARD

In connection with a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), "summary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." Samuels v. Mockry, 77 F.3d 34, 35 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986)). The role of a court in ruling on such a motion "is not to

resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005).

The moving party bears the burden of proving that no genuine issue of material fact exists, or that due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." Anderson, 477 U.S. at 247-48.

Further, in seeking to defeat summary judgment, a party may not rely on "mere conclusory allegations or denials" because these "cannot themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citations omitted). Instead, the non-moving party must "cit[e] to particular

parts of materials in the record" to show that "a fact . . . is genuinely disputed." Fed. R. Civ. P. 56(c)(1). See also Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (on motion for summary judgment, "[t]he time has come . . . 'to put up or shut up.'") (citation omitted), cert. denied, 540 U.S. 811 (2003).

When deciding cross-motions for summary judgment, the standard to be applied "is the same as that for individual summary judgment motions and a court must consider each motion independent of the other." Schultz v. Stoner, 308 F.Supp.2d 289, 298 (S.D.N.Y. 2004). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001). "[W]hen both parties move for summary judgment, asserting the absence of any genuine issues of material facts, the court need not enter judgment for either party." Id. at 121.

### III.   DISCUSSION

Sadowski seeks summary judgment on the issues of Defendants' vicarious and contributory copyright infringement and their affirmative defenses. Defendants cross-move on the issues of their liability for infringement under the Copyright Act and the Digital Millennium Copyright Act.

9

A. COUNT I - COPYRIGHT INFRINGEMENT

Section 501(b) of the Copyright Act establishes that the "legal or beneficial owner of an exclusive right under a copyright" may bring an action for infringement of that right. 17 U.S.C. § 501(b); see also Russian Entm't Wholesale, Inc. v. Close-Up Intern., Inc., 482 Fed. App'x 602, 604 (2d Cir. 2012). These exclusive rights include reproducing, preparing derivative works, distributing, performing, or displaying a copyrighted work. See 17 U.S.C. § 106. Copyright owners may grant two types of licenses authorizing others to use their rights. See John Wiley & Sons, Inc. v. DRK Photo, 882 F.3d 394, 410 (2d Cir. 2018); Davis v. Blige, 505 F.3d 90, 98 (2d Cir. 2007). The first type of license, relevant in this action, is a nonexclusive license which permits a licensee to use the copyrighted material, but it does not transfer any ownership in the exclusive rights, which remain with the copyright holder. See Davis, 505 F.3d at 100.

Here, Sadowski granted the Post a nonexclusive license to use the Images (see "Post Agreement," Dkt. No. 62-1 at 3), and contrary to Defendants' arguments, a grant of a nonexclusive license does not strip Sadowski of his exclusive rights to the Images. See Davis, 505 F.3d at 100. Accordingly, pursuant to the Copyright Act, Sadowski has standing to bring an infringement claim for his copyrighted Images.

10

To establish a claim for copyright infringement, Sadowski must prove that (1) he owned a valid copyright; and (2) Defendants committed unauthorized copying of his copyrighted works. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 51 (2d Cir. 2003).

It is undisputed that Sadowski owns a valid copyright in each Image. Sadowski has submitted Certificates of Registration with the United States Copyright Office for each Image, and a copyright registration certificate is prima facie evidence of the validity of the copyright. See Boisson, 273 F.3d at 267. Although the presumption of validity that accompanies a certificate of registration may be rebutted, Defendants have not contested the validity of Sadowski's copyrights. Id.

For the second element, there also is no dispute that KoreanHLN and NYChaoBao copied Sadowski's Images without authorization -- Sadowski's exact Images appeared on the Websites and neither KoreanHLN nor NYChaoBao were authorized to display them. (See Opp'n at 9, 18, 22, 25.) However, Ng and Admerasia, the two named defendants against whom Sadowski seeks liability, contest that they can be held liable for KoreanHLN and NYChaoBao's infringing activity on multiple grounds.

1. <u>Direct Liability</u>

To be held liable for direct infringement under the Copyright Act, a party must be found to have violated one of the copyright owners' exclusive rights, which include the right to make copies, distribute copies to the public for sale or other transfer of ownership, and publicly display the works. <u>See</u> 17 U.S.C. § 106.

Sadowski's Amended Complaint alleges that Defendants "used" the Images in translated articles on the Websites, Defendants "made an unauthorized copy" of each Image, and Defendants "uploaded it" to their Websites. (<u>See</u> Am. Compl. ¶¶ 17, 19, 21, 22). Each of these allegations sounds in direct infringement, although Sadowski now moves for summary judgment pursuant to theories of contributory and vicarious infringement only. Defendants move for summary judgment on Sadowski's claims of direct infringement.

a. <u>Admerasia's Liability</u>

As an initial matter, Defendants contend that Admerasia cannot be held liable for the infringement in this matter because it is not the proper party in interest. Ng, the self-admitted sole owner of the Websites, claims that Admerasia never owned, operated, or controlled the Websites. (<u>See</u> Opp'n at 60; "Ng Decl." Dkt. No. 61 ¶ 3 ("Admerasia does not own,

has never owned, nor has it had any involvement in any way with the Websites.").)

Sadowski submits registration information as evidence of Admerasia's ownership of the Websites. (See Dkt. No. 16-1.) The Website domain names are either registered to an Admerasia employee or Admerasia itself, with an Admerasia email address as the contact information for both sites. Sadowski implicitly argues that registration data is conclusive evidence of Admerasia's ownership, but he has failed to substantiate this allegation. Admerasia attempts to explain away the registration information by claiming that a joint employee of Defendants registered the domains as a mere "accommodation and courtesy" to Ng using his Admerasia credentials. (Ng Decl. at ¶ 4.)

The resolution of the Websites' ownership depends almost entirely on Ng's credibility since Defendants offer no corroborating evidence to his testimony, such as which individual or entity pays for the Websites or employs the administrators of the Websites. Cf. C.D.S., Inc. v. Zetler, 298 F. Supp. 3d 727, 729 (S.D.N.Y. 2018) (finding company owned website based on registrant information and payment information). On summary judgment, a "court's function is not to weigh the evidence, make credibility determinations or resolve issues of fact, but rather to determine whether,

drawing all reasonable inferences from the evidence presented in favor of the non-moving party, a fair-minded jury could find in the non-moving party's favor." Beatie v. City of New York, 123 F.3d 707, 710-711 (2d Cir. 1997); see Close-Up Int'l, Inc. v. Berov, 382 Fed. App'x 113, 117 (2d Cir. 2010) ("On summary judgment, courts are not to make judgments of credibility."). A fair-minded jury here could discredit Ng's testimony and reasonably conclude that based on the registration data Admerasia owns and operates the Websites. Accordingly, the Court denies Admerasia's motion to dismiss all claims against the company.

Defendants also contend that if Admerasia is a proper party, a claim of direct infringement must nevertheless fail because the Websites function as passive providers of a space where the infringement occurred, rather than as volitional participants in the infringing conduct. (See Opp'n at 18.)

Despite the Copyright Act being a strict liability statute, see EMI Christian Music Grp., Inc. v. MP3tunes, LLC, 844 F.3d 79, 89 (2d Cir. 2016), cert. denied sub nom. Robertson v. EMI Christian Music Grp., Inc., 137 S. Ct. 2269 (2017), this Circuit has adopted a volition requirement as a prerequisite to establishing direct copyright infringement liability. See generally, Cartoon Network LP v. CSC Holdings, Inc., 536 F.3d 121 (2d Cir, 2008); see also Wolk v. Kodak

14

Imaging Network, Inc., 840 F. Supp. 2d 724, 743 (S.D.N.Y. 2012) ("[T]he display of copyrighted images on a defendant's website does not demonstrate volition."), aff'd sub nom. Wolk v. Photobucket.com, Inc., 569 Fed. App'x 51 (2d Cir. 2014) (summary order). Defendants contend there is no volitional conduct here because "users" submit and post content to the Websites. (See Dkt. No. 62-5 at 27:4-14; 27:25).

As the moving party, Defendants bear the burden of proving there is no dispute of material fact, yet Ng's testimony, the only evidence cited by Defendants, contains contradictory statements which could lead a reasonable jury to conclude that Admerasia acted with volition. Ng testified that users submit and post content to the Websites (see Dkt. No. 62-5 at 27:4-14; 27:25), while also testifying that Website administrators ultimately decide what appears on the sites. (See id. at 27:25-28:6; Dkt. No. 66 at 4 (testimony acknowledging postings are reviewed by Website administrators prior to publication).) If, in fact, Website administrators posted the Images, as Sadowski contends, and Admerasia owned the Websites, Admerasia would be liable for direct infringement of Sadowski's exclusive rights in the Images. See Michael Grecco Prods., Inc. v. Valuewalk, LLC, 345 F. Supp. 3d 482, 500 (S.D.N.Y. 2018) (holding news outlet company directly liable where copyrighted image was published on

15

website, despite contractor sourcing and submitting image since defendant's employees posted content). Accordingly, because there is a genuine dispute of material fact as to both Admerasia's involvement and volition, Defendants' motion for summary judgment regarding Admerasia's direct liability is denied.

   b. Ng's Liability

Defendants additionally move for summary judgment on the issue of whether Ng as an individual can be held directly liable for copyright infringement.

"It is well-established that corporate officers can be held liable for the infringing acts of their corporations if they personally participated in the acts constituting infringement." Lechner v. Marco-Domo Internationales Interieur GmbH, No. 03 Civ. 5664, 2005 WL 612814, at *6 (S.D.N.Y. Mar. 14, 2005) (collecting cases); see also Stumm v. Drive Ent'mt, Inc., No. 00 Civ. 4676, 2002 WL 5589, *5 (S.D.N.Y. Jan. 2, 2002) ("[A]n individual, including a corporate officer . . . who personally participates in that activity is personally liable for infringement."). To sustain a claim for Ng's personal liability at this stage, Sadowski would have to show at the very least some scintilla of evidence that Ng participated in the infringing activity. Instead, Sadowski puts forth mere conclusory allegations.

16

The limited discovery in this case has not revealed that Ng had any direct involvement in posting the infringing content. The record demonstrates that the content on the Websites is either sourced or posted by "users" or Website administrators. (See Dkt. No. 62-5 at 27:4-14; 27:25-28:6; Dkt. No. 66 at 4.) Sadowski has not produced any evidence to contradict these facts or otherwise support his allegation that Ng had any direct involvement in sourcing or posting the infringing content. Tellingly, Sadowski moves for summary judgment on secondary theories of liability only.

Due to the paucity of evidence presented by Sadowski as to Ng's direct liability, the Court agrees with Defendants that no rational jury could find in Sadowski's favor on the claim that Ng participated in or directly caused the Images to be published on the Websites. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (finding summary judgment appropriate where paucity of evidence exists in non-movant's favor). The Court therefore grants Defendants' motion regarding the issue of Ng's direct liability.

2. Secondary Liability

Both Sadowski and Defendants move for summary judgment on the claim that Defendants are secondarily liable for

17

infringement under theories of vicarious and contributory liability.

The Copyright Act "expressly creates liability only for direct copyright infringers," see Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., 206 F. Supp. 3d 869, 897 (S.D.N.Y. 2016), but this does not mean that others cannot be held liable. Two doctrines have developed in copyright law to hold third parties accountable for the infringement of others: contributory infringement and vicarious liability. See Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971); Peer Int'l Corp. v. Luna Records, Inc., 887 F. Supp. 560, 564-65 (S.D.N.Y. 1995).

"[A]n individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity . . . is personally liable for infringement." Stumm, 2002 WL 5589 at *5. However, "[t]he fact that an individual is president or shareholder of a company is insufficient on its own to create secondary liability for a corporation's copyright infringement." See Stanacard, LLC v. Rubard, LLC, No. 12 Civ. 5176, 2016 WL 462508, at *14 (S.D.N.Y. Feb. 3, 2016).

"To be found vicariously liable for copyright infringement, the defendant must have the right and ability to supervise the infringing act and a direct financial

interest in the infringing activity." Michael Grecco Prods.,
345 F. Supp. 3d at 503 (citing Gershwin, 443 F.2d at 1162 (2d
Cir. 1971)). Vicarious liability does not require the
defendant to have actual knowledge of the infringement, but
rather the ability to supervise or control the infringing
activities. Id.

While vicarious infringement is based on the
"defendant's relationship to the direct infringer," the
theory of contributory infringement depends "on the
defendant's relationship to the direct infringement." Ez-
Tixz, Inc. v. Hit-Tix, Inc., 919 F. Supp. 728, 732 (S.D.N.Y.
1996). Contributory infringement is established if a person
or entity "intentionally induced or encouraged direct
infringement." Spinelli v. Nat'l Football League, 903 F.3d
185, 197 (2d Cir. 2018) (quotations omitted).

As Defendants point out, and Sadowski acknowledges,
Sadowski raises theories of vicarious and contributory
liability for the first time in his motion for summary
judgment. Sadowski attempts to convince the Court, without
citing to any case law, to nonetheless hold Defendants
secondarily liable on the basis that these vicarious and
contributory infringement theories are a part of his general
claim that "Defendants infringed the copyrights of his
Photographs." (See Pl. Reply at 10.)

19

Sadowski's approach contradicts federal pleading rules and numerous decisions in this Circuit. Although Sadowski need not explicitly identify the theories of liability in his Amended Complaint, he is required to have alleged facts that substantiate these claims. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). "Broad, sweeping allegations of infringement do not comply with Rule 8." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992), aff'd 23 F.3d 398 (2d Cir. 1994)). Accordingly, courts in this District routinely dismiss allegations of vicarious and contributory copyright infringement where the Amended Complaint fails to allege facts to support these secondary theories of liability. See e.g., Krisko v. Marvel Ent'mt, LLC, 473 F. Supp. 3d 288, 308 (S.D.N.Y. 2020); Lepore v. NL Brand Holdings LLC, No. 16 Civ. 8115, 2017 WL 4712633, at *3 (S.D.N.Y. Sept. 28, 2017); Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, (S.D.N.Y. 2000); Cable News Network, L.P. v. GoSMS.com, Inc., No. 00 Civ. 4812, 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000); see also ABKCO Music, Inc. v. Sagan, No. 15 Civ. 4025, 2017 WL 1746564, at *22 n.33 (S.D.N.Y. March 30, 2018) (granting summary judgment in a copyright action on basis of direct liability alone where plaintiff failed to plead

20

vicarious liability); Brought to Life Music, Inc. v. MCA Records, Inc., No. 02 Civ. 1164 (RWS), 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003) ("To establish a claim for contributory copyright infringement, a plaintiff *must* allege that the defendant 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another.'" (quoting Gershwin, 443 F.2d at 1162 (emphasis added))) (collecting cases).

Here, Sadowski has not alleged that Defendants had the right or ability to supervise or control the infringing activity, or actual or constructive knowledge of the Websites' infringing conduct. See Stanacard, 2016 WL 462508, at *14 ("The fact that an individual is president or shareholder of a company is insufficient on its own to create secondary liability for a corporation's copyright infringement."). Instead, Sadowski has alleged facts commensurate solely with direct infringement. And even if Sadowski had included indirect infringement allegations in his Amended Complaint, there are no facts in the record now to substantiate these theories of liability for summary judgment. (See Motion at 10-11 (conflating Website administrators' actions with Ng's actions); id. at 11-12 (assuming Ng's role as owner proves right and ability to supervise infringement); Dkt. No. 64 at 13 (Defendant denies

that Ng reviews or has reviewed content before it appears on Websites.)); see also Weinstock, 224 F.3d at  41 (on motion for summary judgment, "[t]he time has come . . . 'to put up or shut up.'"). Further counseling in favor of dismissal is the fact that Sadowski had the opportunity to amend his complaint and did so, yet he did not include allegations of Defendants' secondary liability until summary judgment.

The Court will not consider these theories of secondary liability  raised for the first time at this late stage, especially since discovery has closed and Sadowski remains unable to point to any evidence that substantiates Defendants' vicarious or contributory liability. Accordingly, Sadowski's motion for summary judgment as to Ng and Admerasia's secondary liability is denied, and Defendants' motion is granted.

### 3. Affirmative Defenses

Because there remains a question of fact whether Admerasia is the proper party in interest and if so, whether the company is liable for direct infringement, the Court will not address Admerasia's remaining affirmative defenses at this time, except to say that Defendants have waived their defense of a license since they failed to raise it in their answer. (See Dkt. No. 20); Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state

any . . . affirmative defense, including . . . license.”));

Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d
339, 349 (S.D.N.Y. 2017) (finding defendant did not plead
existence of license as affirmative defense and “thus waived
any such claim”); see also Graham v. James, 144 F.3d 229, 236
(2d Cir. 1998) (noting that the existence of a license must
be pleaded as an affirmative defense).

B. COUNT II - DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATION

Defendants move for summary judgment on Sadowski’s claim
that they intentionally falsified or removed copyright
management information related to the Images with the intent
to induce, enable, facilitate or conceal an infringement of
Plaintiff’s rights in violation of the Digital Millennium
Copyright Act. Specifically, Sadowski alleges that Defendants
removed Sadowski’s photograph attribution credit to conceal
the fact that Defendants did not have permission to display
the Images on the Websites. (See Am. Compl. ¶ 25.) Sadowski
submits screenshots of the Images on the Websites as the only
evidence of Defendants’ alleged DMCA violations. (See Dkt.
No. 16-7; Dkt. No. 16-9; Dkt. No. 16-11.)

Copyright management information (“CMI”) includes “[t]he
name of, and other identifying information about, the author
. . . [or] copyright owner of the work.” 17 U.S.C. §
1202(c)(2)-(3). CMI can be found in the body of the work, see

Fischer v. Forrest, 286 F. Supp. 3d 590, 608 (S.D.N.Y. 2018), or below a photograph, such as in the case of gutter credits. See Mango v. Buzzfeed, Inc., 970 F.3d 167, 171 n.1 (2d Cir. 2020). The DMCA prohibits, among other things, "intentionally remov[ing] or alter[ing] any copyright management information" with knowledge, or with reasonable grounds to know, that such action will "induce, enable, facilitate or conceal an infringement" of CMI. 17 U.S.C. § 1202(b). To establish a claim for removal of CMI, a plaintiff must demonstrate "(1) the existence of CMI on the [work at issue]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010).

The Court need not resolve the parties' dispute regarding whether Sadowski's CMI in fact appears on the Websites[3] because no reasonable juror could find that Defendants acted with the requisite intent. A mere showing of missing CMI does not suffice, and this is the only evidence in the record that potentially supports Sadowski's DMCA

---

[3]   The Court notes that the screenshots of the Images on the Websites Sadowski submits show only a portion of the articles at issue, and since the portion of the text within the screenshot is written in Korean, the Court cannot determine whether Sadowski's copyright management information in fact appears with the Images, as Defendants contend.

claim. Accordingly, Defendants' motion for summary judgment regarding Count II is granted.

## IV.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of plaintiff Christopher Sadowski for partial summary judgment (Dkt. No. 53) is **DENIED;** and it is further

**ORDERED** that the motion of defendants Zan Ng and Admerasia, Inc. for summary judgment (Dkt. No. 59) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that within twenty days of the entry of this Order, the parties are directed to submit a timeline for trial to commence in August 2022 or thereafter on the remaining issue of Admerasia, Inc.'s direct liability for copyright infringement.


**SO ORDERED.**

Dated:      March 15, 2022
            New York, New York


Victor Marrero
U.S.D.J.